IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHAWN ROMACK, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.

BITCASA, INC,

    Defendant.

No. C 14-05005 WHA

**ORDER GRANTING IN PART
AND DENYING IN PART
PRELIMINARY INJUNCTION**

    In this putative class action involving cloud data-storage services, plaintiff moves for a preliminary injunction. Defendant opposes and moves to dissolve the temporary restraining order. For the reasons stated herein, the motion for a preliminary injunction is **GRANTED IN PART AND DENIED IN PART**.

*      *      *

    In essence, the named plaintiff in this putative class action seeks to enjoin a cloud data-storage company from discontinuing an unlimited data-storage plan. Here are the details.

    Defendant Bitcasa, Inc. provided cloud data-storage services so that individuals could upload and store electronic data, including photographs and videos, to a remote server. Bitcasa did not own servers but instead rented storage space from others. It also used "zero knowledge data encryption," meaning that only the customer with the username and password (not Bitcasa) could see the data inside the accounts. Bitcasa offered two plans. Individuals could either: (1) store ten gigabytes of data for free, or (2) purchase the "Infinite" plan, which was an "unlimited storage plan" for *$99 a year* (Taptich Decl. ¶¶ 2–5).[*]

---

[*] Listed from smallest to largest: byte, kilobyte, megabyte, gigabyte, terabyte, and petabyte. One thousand gigabytes equals one terabyte. Ten terabytes are "the data equivalent of 3.5 million photos or over 5,000 high-definition movies" (Opp. 4).

1 Bitcasa's terms of use, dated November 19, 2013, stated (Compl. Exh. A at 2, 19–20)
2 (emphasis added):

> We may stop, suspend, or modify the Services at any time without prior notice or liability to you.
>
>                  \*                 \*                 \*
>
> We reserve the right to suspend or end the Services at any time, with or without cause, and with or without notice . . . . If we suspend or termination your use, we will make *commercially reasonable efforts to let you know in advance and help you retrieve data*, though in some cases (for example, repeatedly or flagrantly violating these Terms, a court order, or danger to other users) where we may terminate access and delete your digital belongings immediately without prior notice to you.

A year ago, Bitcasa announced that it was discontinuing the "Infinite" plan, but then-current customers could continue with their $99-per-year Infinite plan subscription. Plaintiff Shawn Romack renewed his $99-per-year Infinite plan in June 2014 (Romack Decl. ¶ 2). The Infinite plan turned out badly for Bitcasa, in part, because 0.1% of customers (one in every one thousand) stored more than ten terabytes of data and some customers allegedly used personal accounts for commercial use (Taptich Decl. ¶ 7).

On October 23, 2014, Bitcasa announced that it was eliminating the "Infinite" plan, giving customers until Saturday, November 15, 2014 — 23 days — to accept one of three plans or to remove all of their data before it was permanently deleted on Sunday, November 16. Individuals could (1) store up to five gigabytes for free; (2) store up to one terabyte for $10 *a month* (or $99 a year); or (3) store up to ten terabytes for $99 *a month* (or $999 a year). If individuals wished to continue using Bitcasa's services, they had to "migrate the data that they wanted to keep" on to new servers. The data on the old servers would be deleted (Taptich Decl. ¶ 12). Approximately 77.6% of the Infinite plan subscribers had less than one terabyte of data and saw no effective increase in price (Taptich Decl. ¶¶ 10, 12).

As of October 23, however, plaintiff had 7.7 terabytes of data stored with Bitcasa. Those data, plaintiff states, consisted of photographs and other personal data "that is really important to me, that does not exist elsewhere, and that is simply not replaceable" (Romack Decl. ¶¶ 5, 9). Bitcasa replies that 7.7 terabytes would be enough space to store 1.6 million songs, or 2.7 million

2

photos, or nearly 4,000 high-definition movies (Opp. 8). Plaintiff says it would be difficult to remove his data before the November 15 deadline because of the downloading speed, "problems" with defendant's servers, and the added cost of an external hard drive (Romack Decl. ¶¶ 6, 7).

On November 12, 2014, before this action began, plaintiff's counsel sent an email to "legal@bitcasa.com" and a corporate attorney at Cooley LLP, stating plaintiff's intention of filing a lawsuit and seeking a temporary restraining order against Bitcasa (Heller Decl. ¶¶ 3–5).

The next day, on Thursday, November 13, plaintiff Shawn Romack commenced this putative class action. He sought to represent a class of "[a]ll persons in the United States who were enrolled in Bitcasa's Infinite data storage plan as of October 23, 2014." The complaint alleged breach of contract, breach of the implied covenant of good faith and fair dealing, and violation of the California Business and Professions Code Section 17200, *et seq*. Plaintiff's theory was that Bitcasa was holding its customers' data "ransom" with an insufficient amount of time to decide whether to pay ten times more for an "inferior" service or risk losing all of their data (Compl. ¶¶ 15, 16, 19–22, 34, 36, 38, 44, 71).

Plaintiff's *ex parte* motion for a temporary restraining order sought (1) to enjoin Bitcasa from deleting, disabling, or impeding access to any data or content stored on, or uploaded to, Bitcasa's cloud computing platform or other similar systems, by plaintiff and other Infinite plan subscribers, for fourteen days, and (2) to require Bitcasa to meet-and-confer with plaintiff within ten days regarding an "agreement on a reasonably sufficient period of time for plaintiff and other Infinite plan subscribers to remove their data from Bitcasa's cloud computing platform or other similar systems."

Without hearing Bitcasa's side of the problem, the November 13 temporary restraining order, filed at 11:03 a.m., enjoined defendant from deleting, disabling, or impeding access to any data or content stored on, or uploaded to, Bitcasa's cloud computing platform, by plaintiff and other Infinite plan subscribers, until November 20, 2014 (Dkt. No. 6). Plaintiff posted a $99 bond and served Bitcasa with the summons and complaint.

On Saturday, November 15 at 6:43 p.m., plaintiff received an email from Bitcasa stating (Romack Supp. Exh. A):

3

> We want to inform you that the deadline has been extended for everyone, in order to ensure that users with large amounts of data who are still in the middle of transferring or retrieving files as of November 15th can be given the needed time to complete the process.
>
> All users now have until November 20th to complete the process of updating your account and transferring data, if you so choose, or to retrieve your data. Unless you hear differently from us, you should assume that all accounts and data remaining after November 20th will be deleted.

The email made no reference to this litigation or the temporary restraining order.

On November 18 at 4:35 p.m., Bitcasa filed an opposition and moved to dissolve the temporary restraining order. At 8:38 p.m., plaintiff filed a supplemental declaration. He stated that since he filed his declaration in November, his computer has been running "virtually 24/7" trying to download his data. He has been able to retrieve "approximately 2 to 3 terabytes of the approximately 7 or 8 terabytes of data" stored on Bitcasa's system (Romack Supp. Decl. ¶ 2). Moreover, he does not "trust" Bitcasa's new servers and system. According to "several Bitcasa community forum pages discussing the new system, it appears that customers who are migrating to the new system are losing data and experiencing other problems with accessing their data on the new system" (Romack Supp. Decl. ¶ 3). Oral argument occurred on November 19.

This order rules as follows.

*First*, plaintiff failed to show that he is entitled to the vast injunction requested because all or almost all of his alleged damages can be avoided or mitigated. That is, plaintiff can pay $99 for a one-month extension of time so that he can migrate and download his data. Indeed, plaintiff admitted that he has retrieved approximately two terabytes of his 7.7 terabytes of data (Romack Supp. Decl. ¶ 2). Bitcasa estimated that a customer with average broadband speeds could download one terabyte in approximately three days (Taptich Decl. ¶ 13). In other words, plaintiff can subscribe to the new $99-per-month plan, migrate his data, and continue his efforts to download all of it. We will then litigate over the money, meaning we will litigate the issues of a "commercially reasonable time" and the "ransom" (and so on) and find out whether Bitcasa owes plaintiff a refund. Money damages will solve this problem, if there is one. The vast proposed injunction is not needed.

4

*Second*, plaintiff failed to show evidence that a class-wide injunction is necessary to remedy the alleged harm. Remember as well, *no class has been certified. See National Center Immigrants Rights, Inc. v. Immigration and Naturalization Service*, 743 F.2d 1365, 1371 (9th Cir. 1984). The certification question remains for another day. Putative class members, of course, can pay the $99 for a one-month extension as well. Accordingly, the temporary restraining order shall **EXPIRE** as scheduled, meaning that no court order in this action precludes Bitcasa from deleting the data of putative class members on the old servers.

*Third*, at oral argument on November 19, however, counsel for Bitcasa was unprepared to provide assurance that if plaintiff Mr. Romack paid $99 for a one-month subscription, his data would not be lost during the "migration process" now required by Bitcasa under the new system. Plaintiff says that there have been "problems with Bitcasa's systems . . . including problems with data being corrupted and missing," issues with the downloading speed, and "[e]ven if I were migrated to the new system, I would really feel the need to download my data to make sure it does not get lost or damaged" (Romack Decl. ¶ 7; Romack Supp. Decl. ¶ 3).

Due to the uncertainty expressed by counsel for Bitcasa, the following limited, *individual* relief is hereby ordered: if named plaintiff Shawn Romack provides his Bitcasa username, password, and a $99 subscription fee (to store up to ten terabytes of data) to Bitcasa by **NOVEMBER 20, 2014, AT NOON**, then Bitcasa shall preserve, help migrate, and not destroy Mr. Romack's data with Bitcasa for at least one month, and Mr. Romack shall cooperate in the migration process. The existing $99 bond shall remain in place. The parties shall file a joint status report by **DECEMBER 15 AT NOON**. The February 13, 2015, initial case management conference remains on calendar.

Again, please remember that no class has been certified. No class-wide relief is granted in this order.

**IT IS SO ORDERED.**

Dated: November 19, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5