IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHAWN ROMACK, individually and on behalf of all others similarly situated,

    Plaintiff,

  v.

BITCASA, INC,

    Defendant.

No. C 14-05005 WHA

**ORDER DENYING SEALING MOTION (DKT. NO. 15)**

    There is a "strong presumption" in favor of access to court records. *Foltz v. State Farm Mutual Automobile Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003). In *Kamakana v. Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006), our court of appeals held that *more* than good cause, indeed, "compelling reasons" are required to seal documents used in dispositive motions. Otherwise, public access to the work of the courts would be unduly compromised. Even for non-dispositive motions where the "good cause" standard applies, there must be a "particularized showing" that specific harm or prejudice will result if the specific information is disclosed. Local Rule 79-5(b) requires that sealing motions be "narrowly tailored to seek sealing only of sealable material."

    This is a putative class action. On November 18 (the day before the preliminary injunction hearing), defendant Bitcasa, Inc. filed an administrative motion for leave to file under seal certain proposed redactions in (1) its opposition to a preliminary injunction and (2) a declaration filed in support of its opposition. A declaration from Bitcasa's Vice President was

filed in support of sealing "data and statistics Bitcasa collects," Bitcasa's financial data," and "how much we pay to rent servers from Amazon Web Services."

Neither good cause nor compelling reasons support many of the proposed redactions. For example, Bitcasa seeks to seal the following phrases:

- "Incremental changes can solve Bitcasa' financial problems;"
- "Insolvent, and with no new venture funding in sight;"
- "But these changes scarcely made a dent;"
- "These costs threaten Bitcasa's very survival given the company's cash position and existing debt;"
- "After November 30, its ability to keep the lights on will depend on factors beyond its control;"
- "Thus any extension of the TRO is likely to push Bitcasa into bankruptcy within weeks, if not days;"
- "efforts, at great risk to its ability to survive as a company;"
- "dire financial circumstances, the immense costs of offering a longer notice period;"
- "In fact, the only legally recognized irreparable harm that can possibly result here is the bankruptcy of Bitcasa. *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 932 (1975) (being forced into bankruptcy is an irreparable harm that can justify injunctive relief);"
- "the future of a company and the livelihood of its 60 employees;"
- "desperate need to overhaul its business to avert bankruptcy and put the company on a path toward becoming a viable enterprise;"
- "A company's future, the jobs of sixty people, several years of work, and tens of millions of dollars in investment risk extinction if the Court extends the Plaintiff's baseless request for a TRO to protect his meritless claims," and so on.

The vast majority of Bitcasa's sealing motion is overstated and not narrowly tailored to only sealable material supported by specific declarations. Moreover, even its revenues, costs of renting server space, and debts are not sealable on this motion. Bitcasa seeks relief from a

2

temporary restraining order in a putative class action. Putative class members, the public, and the press have a right to see what Bitcasa has submitted in its opposition brief in this record.

Accordingly, Bitcasa's sealing motion is **DENIED IN ITS ENTIRETY**. The entire opposition and supporting declaration shall be publicly filed within **TWO CALENDAR DAYS**.

**IT IS SO ORDERED.**

Dated: November 19, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3